THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK J. GOSSETT,<br><br>　　　　　　　　Petitioner,<br><br>　v.<br><br>SCOTT SPEER,<br><br>　　　　　　　　Respondent. | CASE NO. C24-6038-JCC-GJL<br><br>ORDER |

This matter comes before the Court on Petitioner Mark Gossett's objections (Dkt. Nos. 6, 7) to the report and recommendation ("R&R") of the Honorable Grady J. Leupold, United States Magistrate Judge (Dkt. No. 4). Judge Leupold recommends the Court dismiss without prejudice Mr. Gossett's habeas petition. (*Id.* at 4.) Having thoroughly considered the briefing and the relevant record, the Court hereby OVERRULES Plaintiff's objections and ADOPTS Judge Leupold's R&R.

According to the R&R, Mr. Gossett filed two prior federal habeas petitions challenging the same state court conviction presented here.[1] (Dkt. No. 4 at 2.) The Court concluded that the first petition was untimely (thus denying it on the merits) and the second duplicative, as Mr.

---

[1] *See generally Gossett v. Bennett*, Case No. C24-5131-RAJ, Dkt. No. 1 (W.D. Wash. 2024) (alleging Fourteenth Amendment due process violations); *Gossett v. Bennett*, Case No. C24-5491-TMC, Dkt. No. 1 (W.D. Wash. 2024) (alleging unlawful seizure in violation of the Fourth Amendment).

ORDER
C24-6038-JCC-GJL
PAGE - 1

1  Gossett filed it while the first one was pending (dismissing it on procedural grounds). (*Id*.) The
2  Ninth Circuit denied Mr. Gossett's appeal of both decisions. (*Id*. at 3.)
3      Judge Leupold now recommends dismissing the instant petition for lack of jurisdiction.
4  (*See generally id*.) First, Judge Leupold recommends treating Mr. Gossett's petition as one under
5  28 U.S.C. § 2254 rather than 28 U.S.C. § 2241, as § 2254 is the *only* habeas remedy available for
6  a state court conviction. (*Id*. at 4.) Judge Leupold next concludes that Mr. Gossett's petition is a
7  second or successive one under 28 U.S.C. § 2244(b)(2). (*See id*. at 4–5.) And as Judge Leupold
8  rightfully notes, this Court lacks jurisdiction to examine a second or successive petition unless
9  authorized by the Ninth Circuit. (*Id*. at 2) (citing § 2244(b)(3)). Judge Leupold aptly concludes
10 that Mr. Gossett failed to receive such authorization here. (*Id*. at 6.)
11     In objecting, Mr. Gossett does not meaningfully address this jurisdictional defect or
12 Judge Leupold's ultimate recommendation. (*See generally* Dkt. Nos. 6, 7.) Instead, he lodges
13 generic, non-responsive arguments, including even an objection to a magistrate judge writing an
14 R&R to begin with. (*See generally* Dkt. Nos. 6, 7.) As a result, Mr. Gossett's petition is
15 insufficient to trigger *de novo* review of the R&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.
16 72(b)(3); *see also* Fed. R. Civ. P. 72(b)(2) (a party properly objects by filing "specific written
17 objections"); *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1175 (9th Cir. 1996) (describing
18 the requirements for a proper objection). As such, the Court need not consider Mr. Gossett's
19 objections or, by extension, his petition.
20     The Court therefore OVERRULES Mr. Gossett's objections (Dkt. Nos. 6, 7), ADOPTS
21 the R&R (Dkt. No. 4), DISMISSES the petition without prejudice, DENIES Mr. Gossett's
22 motion for leave to proceed *in forma pauperis* (Dkt. No. 1), DENIES a certificate of
23 appealability, and DIRECTS the Clerk to send copies of this order to Mr. Gossett and Judge
24 Leupold.
25 //
26 //

1     DATED this 19th day of February 2025.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C24-6038-JCC-GJL
PAGE - 3